**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| KIRK ROBERTS | : | |
| Plaintiff | : | |
| v | : | Civil Action No. WMN-05-2638 |
| FREDERICK COUNTY MARYLAND, JAMES HAGY, and DR. OLSON | : | |
| | : | |
| Defendants | : | |

o0o

## MEMORANDUM

Pending in the above-captioned civil rights action are Defendants' dispositive motions. Papers No. 11 and 15. Plaintiff has filed papers in opposition to both motions and has filed a Motion to Amend Complaint. *See* Papers No. 14, 18, and 19. Defendants Frederick County, Maryland and James Hagy have also filed a Motion to Strike Plaintiff's amended Complaint as well as an Opposition to Plaintiff's Motion to Amend. Paper No. 20 and 21. Upon review of the papers filed, this court finds a hearing in this matter unnecessary. Local Rule 105.6 (D. Md. 2004).[1] For the reasons that follow, Defendant Olson's Motion for Summary Judgment shall be granted, the motion to dismiss filed by the County and James Hagy granted, and judgment entered in favor of all Defendants.

**Background**

The Complaint, filed on September 22, 2005, alleges that while Plaintiff was held at the Frederick County Detention Center he "was struck with blood poisoning." Paper No. 1 at p. 5. Plaintiff describes the conditions under which he was confined as unsanitary, requiring the

---

[1] Defendants' Motions for a Hearing (Paper Nos. 15 and 21) will be denied.

sharing of bathroom facilities with numerous other inmates. *Id*.  He further claims that fights among inmates involving blood spillage were commonplace. *Id*.  He states he became ill on July 15, 2002, a day that he was transported from the Detention Center to court.[2] *Id*.  Plaintiff states that he alerted the officer in charge that he was feeling ill and that he had noticed a red line on his arm. *Id*.  Plaintiff was released from detention on July 16, 2002, after being seen by medical staff at the Detention Center and being advised to seek medical treatment upon his release. *Id*.  Plaintiff claims that, within hours after his release, he was found by a family member staggering down the road. *Id*.  He was then taken to Bayview Medical Center in Baltimore, Maryland with a diagnosis of blood poisoning caused by a staph infection. *Id*.  Plaintiff was admitted to the hospital for two days and received treatment with intravenous antibiotics. *Id*.

Plaintiff underwent back surgery for osteomylitas in "the early months of 2003." *Id*. at p.6.  He claims that it was not until he returned to the Frederick County Detention Center on October 27, 2004, for a violation of probation charge that he discovered that there was a problem in the facility with staph infections. *Id*.  Plaintiff attributes his osteomylitas to contracting Methicillin Resistant Staphyloccocus Aureus during his incarceration in 2002. *Id*.

### Standard of Review

A court reviewing a complaint in light of a Rule 12(b)(6) motion accepts all well-pled allegations of the complaint as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff.  *See Ibarra v. United States*, 120 F.3d 472, 473 (4th Cir. 1997).  Such a motion ought not to be granted unless "it appears beyond doubt that

---

[2] As a result of Plaintiff's court appearance, an order requiring Plaintiff's release from incarceration was issued by Judge Tisdale of the Circuit Court for Frederick County.  Paper No. 1 at p. 5.

2

the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The Court, however, need not accept unsupported legal allegations, *see Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), or conclusory factual allegations devoid of any reference to actual events. *See United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

A motion for summary judgment will be granted only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In other words, if there clearly exist factual issues "that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party," then summary judgment is inappropriate. *Anderson*, 477 U.S. at 250; *see also Pulliam Inv. Co. v. Cameo Properties*, 810 F.2d 1282, 1286 (4th Cir. 1987); *Morrison v. Nissan Motor Co.*, 601 F.2d 139, 141 (4th Cir. 1979); *Stevens v. Howard D. Johnson Co.*, 181 F.2d 390, 394 (4th Cir. 1950). The moving party bears the burden of showing that there is no genuine issue of material fact. *See* Fed. R. Civ. P. 56(c); *Pulliam*, 810 F.2d at 1286 (citing *Charbonnages de France v. Smith*, 597 F.2d 406, 414 (4th Cir. 1979)).

When ruling on a motion for summary judgment, the court must draw all reasonable inferences in favor of and construe the facts in the light most favorable to the non-moving party. *See Tinsley v. First Union Nat'l Bank*, 155 F.3d 435, 437 (4th Cir. 1998). A party who bears the burden of proof on a particular claim must factually support each element of his or her claim. "[A] complete failure of proof concerning an essential element . . . necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323. Thus, on those issues on which the nonmoving

3

party will have the burden of proof, it is his or her responsibility to confront the motion for summary judgment with an affidavit or other similar evidence.  *See Anderson*, 477 U.S. at 256.

**Analysis**

Plaintiff does not specify what cause of action he is asserting; he has, however, filed the complaint in reliance on 42 U.S.C. § 1983, which requires proof of the violation of a constitutional right.  It appears that Plaintiff has attempted to assert a claim that the alleged failure of Defendants to provide him with proper medical treatment is a violation of his Eighth Amendment[3] right to be free from cruel and unusual punishment.  In the context of medical treatment, or the lack thereof, this claim requires proof that Defendants exhibited deliberate indifference to a serious medical need.  *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

"Deliberate indifference may be demonstrated by either actual intent or reckless disregard."  *Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990).  Reckless disregard occurs when a defendant "knows of and disregard an excessive risk to inmate health or safety; the [defendant] must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference."  *Farmer v. Brennan*, 511 U. S. 825, 837 (1994).  Thus, a health care provider must have actual knowledge of a serious condition, not just knowledge of the symptoms. *See Johnson v. Quinones*, 145 F.3d 164, 168 (4th Cir. 1998).  Furthermore, mere negligence or malpractice does not rise to a constitutional level. *See Russell v. Sheffer*, 528 F.2d 318, 319 (4th Cir. 1975); *Donlan v. Smith*, 662 F. Supp. 352, 361 (D. Md. 1986).

---

[3] It is unclear from the Complaint whether Plaintiff was a pretrial detainee or serving a sentence at the time of the alleged deprivation.  The applicable standard, however, remains the same whether the analysis applies the Fourteenth or the Eighth Amendment.

Notwithstanding the fact that Plaintiff appears to seek damages for a violation of his civil rights under *Estelle*, he may be barred from recovery because he delayed in filing suit in this Court. Because there is no federal statute of limitations for § 1983 actions, the applicable state statute of limitations applies. *See Burnett v. Grattan*, 468 U.S. 42 (1984); *see also Wilson v. Garcia*, 471 U.S. 261 (1985) (state statute governing personal injury should be applied to all § 1983 claims). Maryland has a three-year statute of limitations. *See* Md. Cts. & Jud. Proc. Code Ann. § 5-101 (1995); *see also Grattan v. Burnett*, 710 F.2d 160 (4th Cir. 1983), *aff'd*, 468 U.S. 42 (1984).[4] Accordingly, the instant Complaint should have been filed within three years of the date Plaintiff knew or should have known that he was injured.

The parties dispute when the instant cause of action accrued. Defendants assert that Plaintiff had actual knowledge of his injury on July 16, 2002, when he was diagnosed with blood poisoning. Paper No. 11. Alternatively, they claim that, at a minimum, Plaintiff had inquiry notice on July 16, 2002, requiring his diligence to discover who or what caused his injury. Paper No. 18. Defendants thus contend that this action should have been filed on or before July 16, 2005.

Plaintiff claims he was unaware of the Defendants' responsibility for his injury until January, 2005, and, alternatively, claims entitlement to an equitable tolling of the statute of limitations. Papers No. 14 and 17. Admittedly, Plaintiff knew he was ill on July 16, 2002. The

---

[4] To the extent that Plaintiff relies on the five year limitations period applicable to medical malpractice claims in Maryland, that reliance is misguided. *See* Md. Cts. & Jud. Proc. Code Ann. § 5-109 (1995). As set forth above, a medical malpractice claim is insufficient to state a constitutional claim. Moreover, it is clear that all parties are citizens of Maryland and there is no basis to invoke diversity jurisdiction in this court for purposes of pursuing a state law claim. Further, malpractice claims cannot proceed in court until they are first presented before the Maryland Health Claims Arbitration Board. *See generally* Md. Code Ann., Cts & Jud. Proc., §3-2A-01 *et seq.*

fact that he was recently released from a jail he describes as unsanitary, coupled with his illness, are facts and circumstances that would have prompted a reasonable person to inquire further. *See Penwalt Corp. v. Nasios*, 314 Md. 433, 447, 550 A. 2d 1155, 1162 (1988). Having inquiry notice, Plaintiff was "charged with responsibility for investigating, within the limitations period, all potential claims and all potential defendants with regard to the injury." *Doe v. Archdiocese of Washington, et al.*, 114 Md. App. 169, 189 (1997). "[K]nowledge of the identity of a particular defendant is not a necessary element to trigger the running of the statute of limitations." *Id*. The fact that Plaintiff did not happen to discover there was a problem at the Frederick County Detention Center with staph infections until October, 2004,[5] does not excuse his failure to comply with the statute of limitations. "Statutes of limitations, like the one contained in [Md. Cts & Jud. Proc. Code Ann.] § 5-101, are intended simultaneously to 'provide adequate time for diligent plaintiffs to file suit,' to 'grant repose to defendants when plaintiffs have tarried for an unreasonable period of time,' and to 'serve societal purposes,' including judicial economy." *Doe v. Maskell*, 342 Md. 684, 689, 679 A. 2d 1087, 1089 (1996), *quoting Pennwalt Corp.*, 314 Md. at 437, 550 A.2d at 1158.

    Plaintiff also claims that the statute of limitations should be tolled because he suffered mental illness from March, 2005, when he was declared incompetent to stand trial, until July, 2005, when he was released from psychiatric care. Paper No. 14. Assuming Plaintiff's mental illness qualifies as a disability for purposes of tolling the statute of limitations, it does not toll the statute of limitations in this case. Once the statute of limitations begins to run, a subsequent event does not toll it. *See Maskell*, 342 Md. at 688, 679 A. 2d at 1089.

---

     [5]     Had Plaintiff brought this action at that time, it would not have been time-barred.

Plaintiff's asserted fear of reprisal by prison officials also does not operate to toll the statute of limitations.[6] First, fear of reprisal is not an event that tolls the statute of limitations. Second, the fact that this action was filed by Plaintiff while he was incarcerated at the Frederick County Detention Center casts doubt on his claim that he feared reprisal.

Having determined that this action was filed beyond the applicable statute of limitations, the Court shall grant Defendants' Motion for Summary Judgment.  A separate Order follows.

/s/

__2/28/06__
Date

William M. Nickerson
Senior United States District Judge

---

[6] Md. Cts & Jud. Proc. Code Ann. § 5-201(a) provides that "[w]hen a cause of action subject to a limitation under Subtitle 1 of this title or Title 3, Subtitle 9 of this article accrues in favor of a minor or mental incompetent, that person shall file his action within the lesser of three years or the applicable period of limitations after the date the disability is removed." *See also* Md. Cts & Jud. Proc. Code Ann. § 5-201(c), specifically excluding imprisonment, absence from the State and marriage as disabilities.